IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD ANDERSON, | : | CIVIL ACTION NO. |
| GDC ID # 736983, | : | 1:13-CV-02212-TWT-JSA |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DIANNE HASSETT, | : | HABEAS CORPUS |
|    Respondent. | : | 28 U.S.C. § 2254 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Petitioner has filed a habeas corpus petition challenging his probationary confinement. (Docs. 1, 4).[1] Respondent moves to dismiss the petition because Petitioner failed to exhaust his state court remedies. (Doc. 11).

**IT IS RECOMMENDED** that Respondent's motion to dismiss be **GRANTED** and that Petitioner's habeas petition be **DISMISSED without prejudice**.

I.  **Procedural History**

Respondent recites the history underlying Petitioner's federal habeas petition:

> On October 30, 2007, an accusation was filed against Petitioner . . . in Newton County for possession of cocaine, driving without proof of insurance, stop sign violation and open container. (Resp. Ex. 1 [Doc. 12-1 at] 13-15). Petitioner entered guilty pleas to all charges on November 25, 2008, and was sentenced to ten years on probation for possession of

---

[1] Petitioner originally submitted a one-page letter to the Clerk of Court (Doc. 1), but at the Court's direction he later completed a 28 U.S.C. § 2254 habeas corpus petition form (Doc. 4).

cocaine, twelve months on probation each for the no insurance charge and the stop sign violation to serve concurrently. [Doc. 12-1 at 5-12].

On May 7, 2013, Petitioner was served with a petition seeking to revoke his probation. . . . because on April 9, 2013, [he] committed the new offense of driving with a suspended license . . . . Petitioner was represented by counsel at the probation revocation. [Doc. 12-1 at 3; Resp. Ex. 3 (Doc. 12-3) at 2].

A hearing was held on the probation revocation on May 28, 2013. The court found that Petitioner had violated the conditions of probation by committing the new offense . . . . [and] revoked 180 days of [his] probated sentence. [Doc. 12-1 at 3].

Petitioner did not pursue a discretionary appeal of his probation revocation. The thirty-day period for filing a notice of appeal under O.C.G.A. § 5-6-38 from the trial court's revocation order has expired.

According to his petition, Petitioner filed a "motion to modify sentence," which was denied by the trial court. [Doc. 4 at 2-4]. According to the petition and to the best that Respondent can determine, Petitioner has not filed a state habeas corpus petition challenging his probation revocation.

(Doc. 11-1 at 1-2 (footnotes omitted)).

## II. Discussion

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or

2

(3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). Furthermore, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).[2]

Respondent notes that Petitioner appears to be "correct when he states that he has not filed anything in state or federal courts to challenge [his probation] revocation," and argues that because Petitioner "has an available state remedy in which to exhaust his claims – i.e., a petition for a writ of habeas corpus, [his federal habeas] petition should be dismissed for lack of exhaustion." (Doc. 11-1 at 3). Petitioner has

---

[2]These same principles apply to a 28 U.S.C. § 2241 petition. A fundamental prerequisite for federal habeas relief is that the petitioner must first exhaust all other remedies available to him. *See Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the judicially created exhaustion requirement, although codified at 28 U.S.C. § 2254(b) for collateral attacks on state court convictions, "applies to all habeas corpus actions"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) (noting that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their [other available] remedies").

3

not filed a response to Respondent's motion to dismiss.

It appears that Petitioner has not exhausted his state court remedies with respect to his probation revocation through one complete round of Georgia's appellate review process. In fact, Petitioner submitted his original pleading in this case (Doc. 1) on June 25, 2013, even before the state trial court had denied his motion to modify his probationary sentence on July 12, 2013 (*see* Doc. 4 at 2-3). Petitioner acknowledges that he did not appeal that ruling, and it appears that he filed no other challenge to his probation revocation. (*Id.*). His federal habeas petition should therefore be dismissed as unexhausted.

### III. Certificate of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately

succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted). The undersigned finds that Petitioner's failure to exhaust his state court remedies is not debatable by jurists of reason and recommends that Petitioner be denied a certificate of appealability.

### IV.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss Petition for Lack of Exhaustion (Doc. 11) be **GRANTED**, that Petitioner's habeas corpus petition (Docs. 1, 4) be **DISMISSED without prejudice**, and that Petitioner be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

5

**SO RECOMMENDED** this 28th day of October, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)